**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-20857**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOYCE E. POLASEK,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-96-CR-0261-1)**

_____

October 12, 1999

Before SMITH, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Joyce E. Polasek appeals the district court's judgment of bond forfeiture and denial of her petition for remission of bond forfeiture. She maintains that the district court abused its discretion by forfeiting her $50,000 appearance bond, because the Government represented at her sentencing hearing that it was seeking forfeiture of only the $7,500 cash securing her bond, the Government failed to demonstrate any loss or expense incurred in connection with her admitted violation of the conditions of her release (she committed another criminal offense while released on bond), and the amount of the forfeiture was punitive and excessive.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to our review of the record, there is no reversible error.  The court did not abuse its discretion by forfeiting the bond.  *See* **United States v. Cervantes**, 672 F.2d 460, 461-63 (5th Cir. 1982).  Polasek has not demonstrated plain error with respect to her contention, raised for the first time on appeal, that the forfeiture constituted an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment.  *See* **United States v. Calverley**, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1196 (1995); **Highlands Ins. Co. v. National Union Fire Ins. Co.**, 27 F.3d 1027, 1031-32 (5th Cir. 1994), *cert. denied*, 513 U.S. 1112 (1995).

**AFFIRMED**